UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENIFER MARIE FISHER,<br><br>                Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Deputy<br>Commissioner of Social Security for<br>Operations,<br><br>                Defendant. | CASE NO. C17-0942-MAT<br><br>ORDER RE: SOCIAL SECURITY<br>DISABILITY APPEAL |

Plaintiff Jenifer Marie Fisher proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1983.[1] She has an associate's degree and at the time of the

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

administrative hearings was enrolled in college to obtain a bachelor's degree, and she previously worked as a customer service representative, medical office assistant, and retail sales clerk. (AR 40, 43, 196, 804-05.)

Plaintiff applied for DIB in July 2011. (AR 167-68.) That application was denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 92-98, 100-06.)

On April 11, 2013, ALJ Ruperta Alexis held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 34-71.) On May 4, 2016, the ALJ issued a decision finding Plaintiff disabled from December 1, 2010, through April 25, 2012, and not disabled thereafter. (AR 16-29.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on December 8, 2014 (AR 1-4), making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed this final decision of the Commissioner to this Court, which reversed the ALJ's decision and remanded for further proceedings, to allow for reconsideration of a treating pulmonologist's opinion. (AR 848-57.) On remand, ALJ Stephanie Martz held a hearings on May 16, 2016, and September 27, 2016, taking testimony from Plaintiff, a VE, and a medical expert (ME). (AR 774-817.) On February 17, 2017, the ALJ issued a decision finding Plaintiff disabled from December 1, 2010, through April 25, 2012, and not disabled thereafter. (AR 747-66.) Plaintiff seeks judicial review of the ALJ's decision.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

engaged in substantial gainful activity since December 1, 2010, the date she became disabled. (AR 751.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that during Plaintiff's period of disability (December 1, 2010-April 25, 2012), her asthma, chronic sinusitis, and obesity were severe. (AR 751.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that during Plaintiff's period of disability, her impairments did not meet or equal the criteria of a listed impairment. (AR 751-52.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found that during her period of disability, Plaintiff was capable of performing sedentary work, with additional limitations: she could lift/carry 10 pounds occasionally, and less than 10 pounds frequently. She could sit more than six hours and could stand/walk for two hours in an eight-hour workday with normal breaks. She could push/pull on an unlimited basis within these limitations. She could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl. She had to avoid even moderate exposure to odors, fumes, gases, and poor ventilation. She had to avoid concentrated exposure to extremes of temperature (hot and cold) and excessive humidity. She would have missed at least three days of work per month. (AR 752.) With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. (AR 754.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a VE, the ALJ found that during Plaintiff's period of disability, there were no jobs existing in

significant numbers in the national economy that Plaintiff could have performed. (AR 754-55.)

For the period following April 25, 2012, the ALJ found that Plaintiff's severe impairments included asthma, chronic sinusitis, obesity, and degenerative disc disease in the cervical and lumbar spine. (AR 755-60.) The ALJ found that in the period following April 25, 2012, none of Plaintiff's impairments met or equaled a listed impairment. (AR 760.) The ALJ found that medical improvement occurred as of April 26, 2012, because Plaintiff would no longer be absent from work three days per month. (*Compare* AR 752 *with* AR 760.) As of April 26, 2012, the ALJ found Plaintiff capable of performing her past relevant work as a reservation agent and billing clerk. (AR 765-66.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) failing to follow the court's remand order; (2) assessing opinions provided by Plaintiff's treating pulmonologist and the ME; and (3) finding that medical improvement occurred as of April 26, 2012. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Remand order

In the prior remand order, the court found that the ALJ had failed to provide legally

sufficient reasons to discount a 2013 opinion written by Plaintiff's treating pulmonologist, Wynne Chen, M.D., and that the error was not harmless. (*See* AR 850-51.) In the second ALJ decision, the ALJ reconsidered Dr. Chen's opinion and provided different reasons to discount it. (AR 765.)

Plaintiff argues that the prior court remand order should be interpreted to mean that the court "found that more weight should have been assigned[,]" and "the weight assigned to Dr. Chen's opinion should not be relitigated": "In order to comply with the Court's Order, the ALJ should have adopted Dr. Chen's opinion and formulated questions for the VE consistent with her opinion." Dkt. 10 at 5.

As argued by the Commissioner, Plaintiff has misconstrued the scope of the court remand order. The prior court did not find that the ALJ must credit Dr. Chen's opinion on remand; the court noted the parties' agreement that the ALJ had failed to provide the requisite specific and legitimate reasons to discount Dr. Chen's opinion, and rejected the Commissioner's contention that this error was harmless. Dkt. 15 at 3-4. The court did not instruct the ALJ on remand to credit Dr. Chen's opinion, but explicitly instructed the ALJ to reevaluate Dr. Chen's opinion. (*See* AR 852.) The Court finds that the ALJ did reevaluate Dr. Chen's opinion on remand, and thus complied with the remand order. Plaintiff has not established error in this aspect of the ALJ's decision.

Medical opinions

Dr. Chen

Plaintiff argues that the ALJ erred in discounting Dr. Chen's 2013 opinion in light of the hearing testimony of the ME, Daniel Wiseman, M.D. In April 2013, Dr. Chen wrote a letter indicating, in its entirety:

> I am a physician specializing in the treatment of pulmonary conditions. I have

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 5

treated Ms. Fisher for her asthma and related conditions since 2010. Her treatment includes the use of a nebulizer to administer medication. This is administered 4 to 6 times a day. I understand that she has reported that this process can take her an hour for each occasion. Many variables including the type and amount of medication administered, the[] type of nebulizer, and the individual's breathing capacity impact the length of time required for a treatment. I believe Ms. Fisher's report to be reasonable. In the past, Ms. Fisher was unable to maintain a job due to excessive absences related to the asthma/sinusitis. Even with improvement I believe that it would be a reasonable expectation for Ms. Fisher to miss three or more days of work a month due to her asthma and related health problems.

(AR 737.) At the September 2016 hearing, Dr. Wiseman was asked about the use of nebulizers:

[ALJ]: . . . Using the nebulizer, how long does it usually take to do a nebulizer treatment?

[Dr. Wiseman]: It depends on whether it's a handheld or a desktop. A handheld nebulizer is a 15 second activity. The desktop is a 15 minute activity, on average. Some people who really think, really, you know, get benefit, don't get benefit that quickly and may go on for a half an hour or longer. But if you don't get a benefit from that kind of bronchial dilator with 5 to 15 minutes it's probably not going to help you.
      The other nebulizers, the steroids and the other forms of anti-asthma medication, it doesn't take long to take a pill, it doesn't take long to inhale the steroids. But it takes a little longer for them to work as far as giving you respiratory comfort, and it's not necessarily bronchial dilation that happens. It's anti-inflammatory effect that is not a quick thing to occur.
      So here I am answering what sounded like a simple question in a rather complex way.

[ALJ]: Well Dr. Chen's opinion was that [Plaintiff's] treatments ["]include use of a nebulizer to administer medication. This is four to six times a day. I understand that she's reported that this process can takes her an hour for each occasion.["]

[Dr. Wiseman]: Yeah. I doubt it really takes that long, or it has to. On the other hand, most people with asthma and other respiratory diseases can get away with it. The cystic fibrosis on the other hand, and those are the patients we're comparing this lady to, do have to spend several hours every day managing their disease. But their disease is not only respiratory, it has many other aspects to it.
      So I can appreciate Dr. Chen's statement and I don't have the information to argue it that I know. She is spending a lot of time taking care of this. And at the end, that's why I'm hoping that she, Dr. Chen and these other pulmonologists, whomever it is, and her psychologist, and her pain management and her ear, nose and throat, and her gastroenterological, and her cardiac doctors can get coordinated.

. . .

(AR 799-800.) The ALJ characterized Dr. Wiseman's testimony as indicating that he "did not agree" with Plaintiff's report (as recorded by Dr. Chen) that her nebulizer treatments took one hour each, in light of Dr. Wiseman's testimony that the evidence regarding Plaintiff's asthma was

> "not that impressive," and that handheld nebulizer treatments should take about 15 seconds, and a desktop nebulizer should take about 15 minutes on average. He indicated that if the treatment does not help right away then it probably will not help at all. Dr. Wiseman stated that he doubted that the nebulizer treatments took one hour each time.

(AR 764-65.) The ALJ also found that the longitudinal record was not consistent with Plaintiff's description of her nebulizer use, because she did not require "hospitalizations or emergency treatment for her asthma symptoms; her clinical presentation was typically normal; and pulmonary function tests showed only mild abnormality." (AR 765.) The ALJ also noted that Dr. Wiseman was the only medical provider to have reviewed the entire record, and that as a pulmonologist his testimony regarding Plaintiff's respiratory limitations was within his expertise. (*Id.*) The ALJ emphasized that Dr. Chen's April 2013 opinion did not account for subsequent evidence, which Dr. Wiseman had been able to review. (*Id.*)

Plaintiff argues that the ALJ erred in assessing the opinions of Drs. Chen and Wiseman, and that the ALJ erroneously assumed that Dr. Wiseman disagreed with Dr. Chen, when he did not. Dkt. 10 at 9. Plaintiff also contends that the ALJ "played doctor" in finding that the medical record was inconsistent with Dr. Chen's opinion, because Dr. Wiseman did not indicate that the record was inconsistent with Dr. Chen's opinion regarding Plaintiff's nebulizer use or absenteeism. Dkt. 10 at 10-11.

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-

examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). In this case, Plaintiff argues that the ALJ's reasons to discount Dr. Chen's opinion are not specific and legitimate.

The Court agrees, with respect to Dr. Chen's opinion regarding Plaintiff's nebulizer use. When Dr. Wiseman's testimony is read in its entirety, he explicitly declines to contradict Dr. Chen's opinion regarding Plaintiff's nebulizer use and he offered no specific opinion regarding Plaintiff's absenteeism. (AR 798-800.) Dr. Wiseman expressed skepticism regarding the length of time that Plaintiff reportedly spent using her nebulizer, but concluded that he did not have any information to disprove her report. (AR 800.) This testimony does not amount to a contradiction of Dr. Chen's opinion regarding Plaintiff's nebulizer use or absenteeism.

To the extent that the ALJ found that the medical record contradicted Dr. Chen's opinion, none of the findings cited by the ALJ are actually inconsistent with Dr. Chen's opinion regarding Plaintiff's nebulizer use, either. That Plaintiff has not required hospitalizations or emergency treatment does not contradict Dr. Chen's opinion regarding Plaintiff's nebulizer use, and neither does evidence of a "typically normal" clinical presentation, because Plaintiff's presentation during an appointment has no bearing on how long it takes her to use a nebulizer or how frequently she must use it. Furthermore, the pulmonologist who noted the mild findings on the pulmonary function tests recommended that Plaintiff continue her nebulizer treatment 4-6 times per day as she had been (AR 1248, 1252), and thus the mild findings do not undermine Plaintiff's reported nebulizer use. The findings cited by the ALJ here may be inconsistent with Dr. Chen's opinion regarding Plaintiff's absenteeism, because they indicate generally that her condition was generally

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

1  stable and/or mild and may not require Plaintiff to be absent from work, but the findings do not

2  contradict Dr. Chen's opinion recording Plaintiff's reported nebulizer use.

3  Accordingly, the Court finds that the ALJ's decision again fails to provide specific,

4  legitimate reasons to discount Dr. Chen's opinion regarding Plaintiff's nebulizer use. As explained

5  in the prior court remand order, this error is harmful because Dr. Chen's opinion describes

6  nebulizer-related time limitations that would be work-preclusive, according to VE testimony. (*See*

7  AR 67-68, 816.)

8  Dr. Wiseman

9  Plaintiff argues that the ALJ erred in rejecting Dr. Wiseman's testimony that she equaled

10 a listing. Dkt. 10 at 11-13. To meet a listing, an impairment "must meet *all* of the specified

11 medical criteria." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To *equal*

12 a listed impairment, a claimant must establish symptoms, signs and laboratory findings 'at least

13 equal in severity and duration' to the characteristics of a relevant listed impairment[.]" *Tackett v.*

14 *Apfel,* 180 F.3d 1094, 1099 (9th Cir. 1999) (emphasis in original); 20 C.F.R. § 416.926(a).

15 Equivalency also requires "medical findings equal in severity to *all* the criteria for the one most

16 similar listed impairment." *Sullivan*, 493 U.S. at 531 (emphasis in original). The equivalence

17 finding must be based on medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

18 In this case, Plaintiff's argument notwithstanding, Dr. Wiseman did not opine that Plaintiff

19 did equal a listing; he indicated that "if the[re] were a listing specifically designed, codified and

20 approved by the powers that be" that matched "this particular lady's problem[,]" she would equal

21 that listing, but that she does not equal any of the actual listed impairments. (AR 802-03.) This

22 testimony does not amount to an opinion that Plaintiff equals a listing, which is consistent with the

23 ALJ's interpretation. (AR 765.) Dr. Wiseman's testimony contains equivocation, to the extent

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

that he indicated that Plaintiff could equal "the listing" (AR 796), but then when asked which listing she equaled, he testified that she did not actually equal any listing as the listings are currently configured (AR 802-03). The ALJ's interpretation of Dr. Wiseman's testimony is reasonable and takes into account his testimony as a whole, wherein he testified that Plaintiff does not equal any particular listing. Accordingly, the ALJ did not err in assessing Dr. Wiseman's testimony regarding whether Plaintiff equaled a listing.

## Medical improvement

As noted above, the ALJ found that Plaintiff's symptoms improved on April 26, 2012, such that after that time period she would no longer be absent from work three days per month and could therefore perform some of her past relevant work. (AR 760-66.)

Plaintiff argues that the ALJ's finding of medical improvement does not adequately account for Dr. Chen's April 2013 opinion that she used her nebulizer 4-6 times per day, for up to an hour at a time. Dkt. 10 at 14. As explained *supra*, the ALJ did not provide adequate reasons to discount this opinion, and if it had been credited it would suggest that at least through the date of the opinion Plaintiff's need for nebulizer breaks would have prevented full-time work.

The Court declines to credit Dr. Chen's opinion as true as a matter of law, however, due to conflicts in the record regarding the extent of Plaintiff's limitations. The prior court affirmed the ALJ's findings that Plaintiff's self-report was inconsistent with the objective evidence (AR 852-54), and Plaintiff did not challenge the ALJ's similar findings in the second decision. (AR 761-74.) Specifically, the ALJ found that Plaintiff's reports of using a nebulizer 4-6 times per day for up to an hour at a time after April 2012 were inconsistent with the longitudinal medical record (AR 763), and Plaintiff did not assign error to this finding. Dr. Chen's opinion appears to rely entirely on Plaintiff's own description of her nebulizer use (AR 737), which creates an outstanding issue

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

that must be resolved and also raises a doubt as to whether Plaintiff's limitations are indeed disabling. Under these circumstances, a remand for a finding of disability would be inappropriate. *See Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

On remand, the ALJ shall reconsider Dr. Chen's opinion and either credit it or provide legally sufficient reasons to discount it. To the extent necessary, the ALJ shall reconsider whether Plaintiff could work after April 26, 2012, in light of the limitations described in Dr. Chen's opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 19th day of April, 2018.

Mary Alice Theiler
United States Magistrate Judge